# UNITED STATES BANKRUPTCY COURT
# FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| NG GROUP, LLC, | : | Chapter 1 |
| | : | Case No.17-11562-BFK |
| Debtor. | : | |
| | : | |
| WESTWOOD BUILDINGS LIMITED PARTNERSHIP, | : | |
| | : | |
| Movant, | : | |
| v. | : | Contested Matter |
| | : | |
| NG GROUP, LLC, | : | |
| | : | |
| Respondent. | : | |

## MOTION TO REDACT CONSUMER INFORMATION
## PURSUANT TO 11 U.S.C. § 107 AND BANKRUPTCY RULE 9037

COMES NOW, the movant Westwood Buildings Limited Partnership ("WBLP" or "Movant"), by counsel, and files this Ex Parte Motion to Redact Consumer Information Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037 seeking an order from the Court restricting public access to the Motion for Relief from Stay [Docket No. 10] (the "Unredacted Document"), filed by Movant in the above-referenced bankruptcy case (the "Case"). In support of this Motion, Movant represents as follows:

1. This Court has jurisdiction over the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding. The relief sough herein may be granted pursuant 11 U.S.C. § 107 and Federal Rule of Bankruptcy Procedure 9037.

Jeffery T. Martin, Jr., VSB #71860
HENRY & O'DONNELL, P.C.
300 N. Washington Street
Suite 204
Alexandria, Virginia 22314
(703) 548-2100
Counsel for Westwood Buildings Limited Partnership

2. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 9, 2017. The Debtor is currently operating as a debtor-in-possession.

3. The Debtor is in the business of operating a night club and hookah bar (under the guise of a Lebanese cuisine restaurant) located at 8605 Westwood Center Drive, Suite 100, Vienna, Virginia ("Premises").

4. On May 12, 2017, Movant filed the Unredacted Document seeking relief from the automatic stay with respect to the Premises. The Unredacted Document, however, contained an exhibit that disclosed certain personally identifiable information of the guarantors that should have been redacted pursuant to Bankruptcy Rule 9037.

5. Movant seeks to rectify this situation by having the Unredacted Document sealed from public access.

6. Pursuant to Fed. R. Bankr. P. 9037(a), unless the Court directs otherwise, a party making an electronic filing may include personally identifiable information ("PII") only in redacted form as follows: the last four digits of a consumer's financial-account number or social security number, the year of an individual's date of birth, and the initials of any minor. Movant's failure to redact the PII from the Unredacted Document in accordance with Fed. R. Bankr. P. 9037(a) was a mistake that Movant, having learned of its occurrence, seeks to remedy. Further, Fed. R. Bankr. P. 9037(d) states that for "cause," this Court may "limit or prohibit a nonparty's remote electronic access to a document filed with the court." Movant believes that cause exists for the Court to limit remote electronic access to the Unredacted Document because such relief is necessary to ensure compliance with Fed. R. Bankr. P. 9037(a).

7. Further, § 107(c) of the Bankruptcy Code permits the Court, "for cause," to protect an individual with respect to any paper or pleading filed in a bankruptcy case "to the

extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c). Movant submits that Fed. R. Bankr. P. 9037(a) creates a presumption that "cause" exists under § 107(c) for issuing an order protecting an individual from the disclosure of information restricted by Fed. R. Bankr. P. 9037(a).

8.      Movant requests that public access on the Court's electronic filing system to the Unredacted Document be restricted by the Court to all parties, except the debtor, debtor's legal counsel, the trustee, the trustee's legal counsel and the United States Trustee.

9.      Movant does not intend for this requested relief to have any substantive effect upon the Debtor, the Debtor's estate, Movant or its claim(s), other assignees, or any other creditors or parties-in-interest. The motion and the entry of a protective order to prevent public access will not impact the substantive rights of the Debtor, any creditor, or any other party in interest.

10.     This Motion will be served by U.S. Mail, postage prepaid only on the Debtor, Counsel for the Debtor, the Trustee and the Office of the United States Trustee. All registered CM/ECF users will receive electronic notice of the Motion, as filed. Movant respectfully submits that such notice is sufficient and appropriate given the circumstances cited herein.

WHEREFORE, Movant respectfully requests that the Court enter an order (i) directing the Clerk of the Court to restrict all public access to the Unredacted Document and (ii) granting such other relief as may be proper.

        Respectfully submitted,

        WESTWOOD BUILDINGS LIMITED
        PARTNERSHIP
        By Counsel


/s/ Jeffery T. Martin, Jr.
**Jeffery T. Martin, Jr., VSB #71860**
**HENRY & O'DONNELL, P.C.**
300 N. Washington Street
Suite 204
Alexandria, Virginia 22314
(703) 548-2100
Counsel for Westwood Buildings Limited Partnership

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of May, 2017, a copy of the foregoing was served via first class mail, postage pre-paid, to the Debtor, Debtor's Attorney and Chapter 7 Trustee, and via the ecf system to Debtor's counsel and the Chapter 7 Trustee.


Judy A. Robbins
Office of the U.S. Trustee
115 South Union Street, Room 210
Alexandria, VA 22314

NG Group, LLC
8605 Westwood Center Drive
Suite 100
Vienna, VA 22182

Patrick R. Blasz
Law Offices of Patrick R. Blasz
11490 Commerce Park Dr. Suite 240
Reston, VA 20191


                                            /s/ Jeffery T. Martin, Jr.
                                            Jeffery T. Martin, Jr.