**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:                              )
                                    )
    NG GROUP, LLC,            )          Case No. 17-11562-BFK
                                    )          Chapter 7
        Debtor.       )

**ORDER IMPOSING SANCTIONS**

On June 10, 2018, the Court held a hearing on the Court's Order to Show Cause

compelling Patrick R. Blasz, Esquire to produce banks statements to the U.S. Trustee, certify and

provide proof of completion of his required bankruptcy training. Docket No. 69; *Exhibit A*, Order

to Show Cause and Compelling Debtor's Counsel to Produce Bank Statements. The Order to

Show Cause also noted that the Court would determine whether further sanctions were warranted

and that the Court may consider disbarring Mr. Blasz from practice before this Court. *Id.*

Jack Frankel, Esquire, Counsel for the U.S. Trustee and Janet Meiburger, Esquire,

Chapter 7 Trustee, were present in person. Patrick R. Blasz, Esquire, did not appear. For the

reasons stated on the record (*see Exhibit B*, Transcript), it is

**ORDERED:**

1.   Mr. Blasz's privilege to practice as an attorney before this Court, (all four Divisions),

and his EM/ECF filing privileges, will be terminated.

2.   Mr. Blasz's privilege to practice before this Court may be reinstated after a period of

five yeaers from the entry of this Order; provided, however, that Mr. Blasz shall certify that he is

a member in good standing of the Virginia State Bar, meets the Court's requirements for

character and fitness, and that he is not in default of any orders of the Court with respect to

repayment of any filing fees, or the retainer in this case.

3.   Mr. Blasz is advised that he may appeal this Order by filing a Notice of Appeal

within fourteen (14) days from the entry of this Order.

4.   The Clerk will mail a copy of this order, or give electronic notice of its entry, to the

parties listed below.


Date: _Jul 25 2018_____                         /s/ Brian F. Kenney
                                                    _____
                                                    Brian F. Kenney
Alexandria, Virginia                                United States Bankruptcy Judge

                                                    Entered on Docket: Jul 25 2018

Copies to:

Patrick R. Blasz
11490 Commerce Park Dr. Suite 240
Vienna, VA 22182
*Counsel for Debtor*

NG Group, LLC
8605 Westwood Center Drive, Suite 100
Reston, VA 20191
*Chapter 7 Debtor*

Jack Frankel
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
*Counsel for U.S. Trustee*

Janet M. Meiburger
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
*Chapter 7 Trustee*

Virginia State Bar
Intake Office
1111 East Main St., Suite 700
Richmond, VA 23219

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NG GROUP, LLC, | ) | Case No. 17-11562-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |

**ORDER TO SHOW CAUSE AND**
**COMPELLING DEBTOR'S COUNSEL**
**TO PRODUCE BANK STATEMENTS**

On May 22, 2018, the Court held a hearing on the Chapter 7 Trustee's Motion for Entry

of an Order Requiring Patrick R. Blasz to Show Cause Why He Should not be Held in Contempt.

Docket No. 60. Jack Frankel, Esquire, Counsel for the U.S. Trustee, Janet M. Meiburger,

Esquire, the Chapter 7 Trustee, and Patrick R. Blasz, Esquire, Counsel for the Debtor, were

present in person. The matter arose out of the Court's previous Order sanctioning Mr. Blasz and

ordering him to turn over his retainer in the case, in the amount of $3,200.00, to the Chapter 7

Trustee. Docket No. 43.

On June 20, 2017, Mr. Blasz represented to the Court that he had received a $5,000.00

retainer in the case, and that he had used $1,717 for the filing fee, with the balance being

approximately $3,200.00. Docket No. 45, Tr. 6/20/17, p. 11 ("MR. BLASZ: No, the total amount

was $5,000 and I used the 1,717 for the retainer and that's the difference.") At the hearing on

May 22, 2018, Mr. Blasz was unable to answer the Court's questions as to where the retainer was

deposited, though he acknowledged that he no longer had the retainer in his possession. Mr.

Blasz has never been employed as Debtor's counsel in this case pursuant to Bankruptcy Code

Section 327(a) and Bankruptcy Rule 2014(a). The Court has never approved any compensation

for him under Section 330 and Bankruptcy Rule 2016. At the hearing on May 22nd, the Court

ordered Mr. Blasz to pay the Chapter 7 Trustee $500 per month for six months, and that any default in making the payments would result in a judgment against him for the unpaid balance of $3,000.00.[1]

This is not Mr. Blasz's first brush with sanctions in this Court. The Court can identify the following instances of sanctions previously imposed against Mr. Blasz:

(a) *In re Sung Hoon Park,* Case No. 14-10474-BFK. The Court suspended Mr. Blasz from practice for 60 days. Docket No. 64. Further, the Court issued an Order requiring Mr. Blasz to file the required disclosures in the *Waters' Edge* case (*See* Part (c), below), "otherwise further sanctions [would] be imposed." Docket No. 71.

(b) *In re Beverly Jenkins*, Case No. 15-13949, Docket no. 82. Mr. Blasz was suspended from practicing before this Court for a period of 120 days.

(c) *Waters' Edge Restaurant, LLC,* Case No. 13-10867-RGM. On July 18, 2013, the Court ordered Mr. Blasz to file a Disclosure of Compensation under Rule 2016(b) within 14 days. Docket No. 55. The Disclosure of Compensation was not filed until over a year later, on September 24, 2014, and then only after the Court threatened further sanctions in the *Park* case.

(d) *In re NG Group, Inc.,* Case No. 17-11562-BFK (this case). The Court suspended Mr. Blasz from practice for 180 days, and ordered that he certify to this Court that he has completed 8 hours of bankruptcy training (two hours must consist of bankruptcy-focused professional ethics) approved by the Mandatory Continuing Legal Education

---

[1] The Court is additionally concerned that Mr. Blasz may not have deposited the advance retainer into a trust account. *See* Virginia State Bar Rule 1.15(a)(1) ("All funds received or held by a lawyer or law firm on behalf of a client or a third party, or held by a lawyer as a fiduciary, other than reimbursement of advances for costs and expenses shall be deposited in one or more identifiable trust accounts"), 1.15(b)(5) ("A lawyer shall… not disburse funds or use property of a client or third party without their consent or convert funds or property of a client or third party, except as directed by a tribunal.")

(MCLE) Department and the disgorgement of his retainer to the Chapter 7 Trustee.

Docket No. 43.

As a result of the disclosures made by Mr. Blasz at the May 22nd hearing, the Court is

concerned that there may be *prima facie* evidence that: (a) Mr. Blasz may have accepted a

retainer in connection with this case that was not deposited into an approved attorney trust

account; (b) Mr. Blasz may have paid himself compensation in this case without ever having had

his employment approved by the Court and without ever having filed a fee application in this

case. Also, it appears that Mr. Blasz has not yet certified to this Court that he has completed the

required 8 hours of bankruptcy training that was previously ordered by the Court.

For the foregoing reasons and for the reasons stated on the record, it is

**ORDERED:**

1.      The Court will hold a hearing on **July 10, 2018, at 1:30 p.m.,** to determine

whether any further sanctions should issue in this case against Mr. Blasz. **Mr. Blasz is advised

that the Court may consider disbarring him from practice before this Court, should the

evidence so warrant.**

2.      Mr. Blasz must produce bank statements to the U.S. Trustee identifying the

deposit of the Debtor's retainer and the use of that retainer, within **30 days** from entry of this

order.

3.      Mr. Blasz must certify and provide proof of completion of the required 8 hours of

bankruptcy training (if such training has been completed) by the **July 10th** hearing date.

4.      The Clerk shall mail copies of this Order, or provide electronic notice of its entry,

to the parties listed below.

Date: ___May 30 2018___                    /s/ Brian F. Kenney
                                           _____
                                           Brian F. Kenney
Alexandria, Virginia                       United States Bankruptcy Judge

                                  Entered on Docket: May 30, 2018


Copies to:

Patrick R. Blasz
11490 Commerce Park Dr.
Suite 240
Reston, VA 20191
*Counsel for Debtor*

Janet M. Meiburger
1493 Chain Bridge Road,
Suite 201
McLean, VA 22101
*Chapter 7 Trustee*

Jack Frankel
115 South Union Street
Room 210
Alexandria, VA 22314
*Counsel for the U.S. Trustee*

# EXHIBIT B

# UNITED STATES
# BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
In re                    )  Case No. 17-11562-BFK
                         )  Alexandria, Virginia
NG GROUP, LLC,           )
                         )  July 10, 2018
            Debtor.      )  1:40 PM
                         )
```

Pages:    1 through 12

Place:    Alexandria, Virginia

Date:     July 10, 2018

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 206
Washington, D.C.  20005-4018
(202) 628-4888
contracts@hrccourtreporters.com

1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION


In re                      )   Case No. 17-11562-BFK
                           )   Alexandria, Virginia
NG GROUP, LLC,             )
                           )   July 10, 2018
          Debtor.          )   1:40 PM
                           )


TRANSCRIPT OF HEARING
60 -- TRUSTEE'S MOTION FOR ENTRY OF ORDER REQUIRING
PATRICK R. BLASZ TO SHOW CAUSE WHY HE SHOULD NOT BE FOUND
TO BE IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH
COURT ORDER and
69 -- ORDER TO SHOW CAUSE AND COMPELLING DEBTOR'S COUNSEL
TO PRODUCE BANK STATEMENTS
BEFORE THE HONORABLE BRIAN F. KENNEY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


FOR THE TRUSTEE:          JANET MEIBURGER, Esquire
                          1493 Chain Bridge Road
                          Suite 201
                          McLean, VA  22101-5726
                          (703) 556-7871


FOR THE U.S. TRUSTEE:     Office of the U.S. Trustee
                          By:  JACK FRANKEL, Esquire
                          115 South Union Street
                          Plaza Level, Suite 210
                          Alexandria, Virginia 22314
                          (703) 557-7229


TRANSCRIPTION SERVICES:   Heritage Reporting Corporation
                          1220 L Street, N.W., Suite 206
                          Washington, D.C.  20005
                          (202) 628-4888



Proceedings recorded by electronic sound recording,
transcript produced with computer.

2

<u>P R O C E E D I N G S</u>

(1:40 p.m.)

1    THE CLERK:  We'll call Items 39 and 40, NG Group,

2  LLC, Case 17-11562.

3    MS. MEIBURGER:  Good morning, Your Honor.

4  Janet -- good afternoon, Your Honor.  Janet Meiburger for the

5  Trustee.

6    JUDGE KENNEY:  Good afternoon.

7    MR. FRANKEL:  Jack Frankel, U.S. Trustee.

8    JUDGE KENNEY:  Good afternoon, Mr. Frankel.

9    Let me ask this.  Is Mr. Blasz present or anybody

10  representing him?

11    (No response.)

12    JUDGE KENNEY:  All right.  Hearing no response,

13  Mr. -- let's start with Mr. Frankel, please.

14    Mr. Frankel, the Court had issued an order both to

15  show cause to Mr. Blasz and compelling Mr. Blasz to produce

16  bank account information to identify what happened to the

17  $5,000 retainer that he identified in a previous court

18  hearing.  So let's start there if we may.

19    MR. FRANKEL:  Well --

20    JUDGE KENNEY:  Did he produce the bank statements

21  to you?

22    MR. FRANKEL:  No, he did not.

23    JUDGE KENNEY:  Has he produced --

3

1          MR. FRANKEL:  I can give you more information, but

2   that's the -- excuse me -- the long and the short of it.  I

3   did contact Mr. Blasz.  I told him about the order.  I sent

4   him a copy of the order.  I have my emails and his response,

5   but did he produce the bank statements to me?  No.

6          JUDGE KENNEY:  Okay.

7          MR. FRANKEL:  And I got a call from --

8          JUDGE KENNEY:  Well, then I guess my second

9   question would be, did he describe to you the disposition of

10  this retainer to your satisfaction?

11         MR. FRANKEL:  Yes.  Your Honor, I have -- and I'm

12  very concerned about, since Mr. Blasz is not here, the rules

13  of evidence.  I have two emails that I can hand up if the

14  Court wants to see them.  I think --

15         JUDGE KENNEY:  Yes, please.

16         MR. FRANKEL:  Okay.  And let me give you the other

17  one.

18         JUDGE KENNEY:  All right.  Let's have these marked

19  as U.S. Trustee's 1 and 2, please -- 1, 2, and 3 (sic).

20  (The documents referred to were marked for identification as

21  U.S. Trustee's Exhibit Nos. 1 and 2.)

22         JUDGE KENNEY:  Any objection to the emails, Ms.

23  Meiburger?

24         MS. MEIBURGER:  No.  No, Your Honor.

25         JUDGE KENNEY:  All right.  They will be admitted.

4

1    UST 1, 2, and 3 (sic) will be admitted.

2    (The documents referred to, previously identified as U.S.

3    Trustee's Exhibit Nos. 1 and 2, were received in evidence.)

4                    MR. FRANKEL:  I had a conversation with Mr. Blasz.

5    As you can see in the first email, this is dated June 4.  I

6    sent him a copy of the order.  The email was to confirm our

7    phone conversation.  And then he responded to --

8                    JUDGE KENNEY:  Just 1 and 2, okay.  I'm sorry.

9    Just to correct the record, it's only UST 1 and 2.

10                   MR. FRANKEL:  Yeah, 1 and 2.  I know they're very

11   short emails, Your Honor.

12                   JUDGE KENNEY:  Right.  Okay.  I'm sorry.  You can

13   go ahead, please.

14                   MR. FRANKEL:  Okay.  Your Honor, the first email

15   was to ask him to confirm our conversation.  I wanted a

16   written response from him that he did not receive -- that he

17   didn't deposit it in any bank and use the money to pay other

18   debts.  I asked him to confirm this, our phone conversation.

19   Do you see it?

20                   JUDGE KENNEY:  Okay.  Yes, I do.

21                   MR. FRANKEL:  And attached to the first email, UST

22   1, is the copy of the order.

23                   JUDGE KENNEY:  Okay.

24                   MR. FRANKEL:  And then the second exhibit is his

25   response, and it's just one sentence.  It says, "Jack, I want

5

1    to very careful in my response, and I'm checking with my

2    client to confirm what the answer is to the information you

3    want to know.  Will get back to you on this in the next couple

4    days."

5              Your Honor, I never heard anything back from Mr.

6    Blasz.  So --

7              JUDGE KENNEY:  Okay.

8              MR. FRANKEL:  -- that's -- and I didn't make any

9    repeated calls.  I thought he understood what was going on.

10   The order was self-explanatory.  So I don't really have

11   anything more to add.  Thank you.

12             JUDGE KENNEY:  Okay.  I appreciate that.  Thank

13   you, Mr. Frankel.  UST 1 and 2 will be admitted.

14             Ms. Meiburger, good afternoon.  You had an order

15   requiring Mr. Blasz to pay you certain amounts monthly.

16             MS. MEIBURGER:  That's right, Your Honor.  The

17   first payment was supposed to start on July -- on or before

18   July 1, $500 each.  I did not receive the payment.  And I sent

19   Mr. Blasz a notice of default.  I did not send it until

20   yesterday.  So he has 10 days.  I emailed it to him and mailed

21   it to him, making clear that he needs to pay the $500 within

22   10 days or that I would have the right, as the court order

23   requires me to make clear, to file a certification with the

24   Court to the effect that he is in default and ask for a

25   judgment to be entered.

6

1          I also wanted to add, Your Honor, the 341 meeting

2   is set for July 19, which is next week.  The schedules were

3   supposed to be filed on June 22, on or before.  They have not

4   been filed.

5          JUDGE KENNEY:  Okay.  Thank you.

6          MS. MEIBURGER:  Okay.

7      (Pause.)

8          JUDGE KENNEY:  The matter is before the Court on

9   the continued hearing on the Trustee's -- U.S. Trustee's

10  motion for entry of an order requiring Mr. Blasz to show why

11  he should not be found in contempt of court, and second, the

12  Court's order, which is found at Docket No. 69, entered

13  May 30, 2018, to show cause and compelling Mr. Blasz to

14  produce bank statements which identified the deposit and

15  disposition of his retainer in this case, which he represented

16  to the Court was in the amount of $5,000.  He had previously

17  represented to the Court that he used $1700 of that for the

18  filing fee, with the balance being approximately $3,200.

19         The Court finds first that Mr. Blasz was present

20  in court when the Court issued its ruling from the bench that

21  Mr. Blasz be required to produce these bank statements to the

22  U.S. Trustee's office within 30 days.  The U.S. Trustee, per

23  Mr. Frankel's Exhibit 1, also emailed Mr. Blasz the order on

24  June 4, 2018.

25         Mr. Blasz acknowledged receipt of the order on the

7

1   same day, June 4, 2018, represented by UST No. 2.  And I

2   quote, "I want to be very careful in my response and am

3   checking with my client to confirm what the answer is to the

4   information you want to know.  We'll get back to you on this

5   in the next couple days.  Sincerely, Patrick R. Blasz."

6          The Court finds that there was a clear and

7   definite order for Mr. Blasz to produce this information.  The

8   Court finds that Mr. Blasz had actual knowledge of the order.

9   He was mailed the order by the clerk's office at his office

10  address at 11490 Commerce Park Drive, Suite 240, Reston,

11  Virginia 22 -- excuse me, 20191, as indicated on the order

12  itself.  And Mr. Frankel emailed him the order, and he

13  acknowledged receipt of it.

14         And third, the Court finds that Mr. Blasz's

15  response is wholly unsatisfactory.  He did not need to check

16  with his client to comply with the court order.  The Court's

17  order was plain and unambiguous.  The Court also notes that

18  the deposit and the disposition of the retainer does not

19  implicate any attorney-client privileged communications.  The

20  Court simply wanted to know where the funds were deposited and

21  how they were used.

22         So, when he says, "I want to be very careful in my

23  response," he didn't need to be so careful in his response.

24  He needed to respond and provide that information to the

25  United States Trustee.

8

1        The Court further finds that Mr. Blasz had notice

2   of today's hearing.  It was contained in bold type in the

3   order for July 10, 2018, at 1:30 p.m.  It is now 10 minutes of

4   2 in the afternoon.  Mr. Blasz has elected not to appear.

5        Finally, the Court outlined in its order to show

6   cause Mr. Blasz's prior history with the Court in terms of

7   sanctions.  In the Sung Hoon Park case, Case No. 14-01474, the

8   Court suspended Mr. Blasz for practice from 60 days.  In the

9   Beverly Jenkins case, Case No. 15-13949, Mr. Blasz was

10  suspended from practicing before this Court for a period of

11  120 days.

12       In the Water's Edge Restaurant case, Case No. 13-

13  10867, the Court ordered Mr. Blasz to file a disclosure of

14  compensation under Rule 2016(b) within 14 days.  The

15  disclosure of compensation was not filed until over a year

16  later, on September 24, 2014, and then only after the Court

17  threatened further sanctions in the Park case.  And in this

18  very case, the NG Group case, the Court suspended Mr. Blasz

19  for practice -- from practice for 180 days.

20       The Court further ordered that Mr. Blasz certify

21  to this Court that he has completed eight hours of bankruptcy

22  training, two hours of which must have consisted of

23  bankruptcy-focused professional ethics approved by the

24  mandatory CLE Department of the Virginia State Bar, which the

25  Court has no information that Mr. Blasz has complied with.

9

1        The Court finds that Mr. Blasz has an extensive

2   record of disciplinary proceedings with this Court and

3   suspensions.  The Court searches -- always searches for the

4   least intrusive means of compelling compliance with its

5   orders.  But given that Mr. Blasz has been suspended

6   previously on three prior occasions by this Court, the Court

7   has no confidence -- and further, that Mr. Blasz elected not

8   to appear today in response to the Court's order.

9        The Court finds, number one, that Mr. Blasz is in

10  contempt of court.  The Court is going to disbar Mr. Blasz

11  from practicing before this Court and deny him access --

12  CM/ECF access privileges to this Court.  He will not be

13  permitted to practice before this Court.

14       And the Court will further order that at the end

15  of five years from the date of the order, Mr. Blasz can

16  reapply for reinstatement of his privileges to practice before

17  this Court, provided that he is a member in good standing of

18  the Virginia State Bar at that time and otherwise meets the

19  Court's requirements for character and fitness and that,

20  importantly, that he is not in default of any orders of the

21  Court with respect to repayment of the retainer and so forth

22  with respect to Ms. Meiburger's order.

23       The Court will prepare an order.  The Court takes

24  no joy in this matter.  It's a very unfortunate case.  But the

25  Court just sees absolutely no alternative to the termination

10

1    of Mr. Blasz's privileges to practice before this Court.  The

2    Court also in its order to show cause noted that Mr. Blasz may

3    not have deposited the advance retainer that he received in

4    this case into a trust account, and he may have violated

5    Virginia State Bar Rule 1.15(a)(1), which requires that all

6    funds received or held by a lawyer on behalf of a client or a

7    third party shall be deposited into one or more identifiable

8    trust accounts, and Rule 1.15(b)(5), a lawyer shall not

9    disburse funds or use property of a client without their

10   consent or convert funds of or property of a client or third

11   party except as directed by a tribunal.

12          For these reasons, the Court is going to refer its

13   order terminating Mr. Blasz to the Virginia State Bar

14   disciplinary committee, and they can make their own

15   independent determination as to whether Mr. Blasz was in

16   compliance with the state court -- state bar rules concerning

17   receipt of funds and trust accounts.  But the state bar will

18   be a recipient of the Court's order terminating Mr. Blasz's

19   privileges to practice law before this Court.

20          I thank Mr. Frankel and Ms. Meiburger for their

21   participation in the matter and for the information that they

22   provided to the Court today.

23          MR. FRANKEL:  Thank you, Your Honor.

24     (Whereupon, these proceedings were concluded at 1:55 p.m.)

25   //

11

## E X H I B I T S

U.S. TRUSTEE

| EXHIBITS: | IDENTIFIED | RECEIVED |
|---|---|---|
| 1 and 2 | 3 | 4 |

12

<u>CERTIFICATE</u>

DOCKET NO.:          17-11562-BFK

CASE TITLE:          NG Group, LLC

HEARING DATE:        July 10, 2018

LOCATION:            Alexandria, Virginia


          I, court approved transcriber, certify that the foregoing is a true and correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


                         Date:  July 13, 2018


                         *Mary Ellen Feinberg*

                         Mary Ellen Feinberg
                         Transcriber
                         Heritage Reporting Corporation
                         Suite 206
                         1220 L Street, N.W.
                         Washington, D.C.  20005-4018